ISAAC BROWN v. SHERMAN B. DABOLL, CIRCUIT JUDGE OF CLINTON COUNTY.

DEPOSITION—OF PARTY TAKEN UNDER ACT NO. 181, LAWS OF 1895.

Relator applied for *mandamus* to compel the respondent to vacate an order requiring him on being *subpoenaed* and paid his legal fees to appear and testify under said statute. An order to show cause was denied.

*Rolland J. Cleland,* for relator.

The facts as set forth in the petition for *mandamus* were as follows:

1. That relator was sued by an administrator upon his notes given to decedent; that relator appeared and demanded a bill of particulars, which was not served, and proof of that fact was filed in the case.

2. That at the time said suit was commenced garishment proceedings were instituted against a son of the relator, who in his disclosure denied all liability; that exceptions were filed to said disclosure.

3. That at this stage of the proceedings the plaintiff made an *ex parte application* to the respondent for an order for the examination of relator as a witness under Act No. 181, Laws of 1895, which provides that the deposition of a party may be taken before a judge at chambers or circuit court commissioner, after the commencement of suit and before judgment on a previous notice to such party and any other adverse party or their respective attorneys of at least five days; that if such testimony is taken on the part of the plaintiff before issued joined, the notice of taking the same shall be accompanied by an affidavit of the plaintiff, his agent or attorney, stating the original nature and object of the action; that discovery is sought to enable the party to plead, and the points upon which such discovery is desired; that

such examination shall be limited to the discovery of the facts relevant to the points so stated, unless the court or presiding judge thereof, or such circuit court commissioner on motion and one day's notice shall before the examination is begun by order further limit the subjects to which such examination shall extend; but such examination shall not preclude the right to another examination after issue joined, upon all the issues in the case, and the party examining shall in all cases be allowed to examine on oral interrogatories.

4. That the application was based upon plaintiff's affidavit, in which, after stating the facts as to the commencement of the suit, and its object, and the institution of the garnishment proceedings, he averred that the application was based on information which he believed to be true, to the effect that since the death of the decedent the garnishee defendant had induced the principal defendant to mortgage his farm to secure a loan of $3,000, to be used in paying plaintiff's claim; that said money had been paid to the garnishee defendant; but he had refused to pay plaintiff's claim; that since giving said mortgage the defendant had given a mortgage for $1,500 to his daughter; that if said mortgages were to be prior liens on the farm, and the $3,000 was not applied in payment of plaintiff's claim, it would be lost; that the principal defendant was infirm and much under the influence of his son; that the plaintiff was advised that the testimony of the defendant was material and should be taken at this time to enable the plaintiff to protect the estate against loss.

5. That an order was made by the respondent requiring the relator, on being *subpoenaed* and paid his legal fees, to appear and testify; that a copy of the order and a *subpoena* to appear and testify were served on the relator and his fees paid; that the relator moved in the circuit court to quash the proceedings upon the grounds:

*a*—That the act of 1895 does not provide for any such proceedings.

*b*—That the act does not provide for filing such an affidavit as was filed, and, if it does, the affidavit filed is insufficient.

That the motion was denied.